RICHARD DAUGHERTY, PROSECUTOR, v. CHARLES MOR-
GAN AND EDWARD MORGAN, DEFENDANTS.

CATHERINE STEWART, PROSECUTOR, v. CHARLES MOR-
GAN AND EDWARD MORGAN, DEFENDANTS.

MRS. EDWARD COLLINS, PROSECUTOR, v. CHARLES MOR-
GAN AND EDWARD MORGAN, DEFENDANTS.

Decided February 28, 1923.

**Construction of Statutes—L. 1922, p. 170—Rent—Dispossession
after Payment of Judgment.**

On *certiorari.*

Before Justices PARKER, BERGEN and MINTURN.

For the prosecutors, *Charles C. Colgan.*

For the defendants, *Warren Dixon.*

PER CURIAM.

The cases above stated were argued together.  The defend-
ants were tenants of the plaintiff in an apartment house,
and refusing to pay an advanced rent imposed by plaintiffs
they brought suits against them to dispossess them for non-
payment of rent.  The jurisdictional affidavits are in proper
form.

Writs of *certiorari* were allowed in each case to review
the action of the District Court, which defendants move be
dismissed as improvidently allowed.

The case against Daugherty was tried, and judgment
entered for plaintiffs for dispossession of defendant.  The
other two cases have not been tried.  Within five days after
the judgment Daugherty paid into court the increased rent

and costs, and after that case was decided the two other tenants paid into court the increased rent and costs, and all moved to dismiss the suits, but defendants in *certiorari* refused to accept, claiming that the non-payment of rent forfeited the lease and that the payment was too late. The trial court refused to dismiss and is about to issue warrant to dispossess. It is argued in support of the motion to dismiss that the court having jurisdiction neither appeal or *certiorari* will lie. This the prosecutors admit, except for the act of 1922. *Pamph. L., p.* 170.

As to the judgment for possession against Daugherty it is admitted that he paid into court the increased rent after judgment, and as to the Stewart and Collins cases they paid the increased rent into the court before trial. The act of 1922 has for its object the right of a tenant to try the question of the reasonableness of an increased rent, and the determination of the real amount due for rent, and provides in section 6 that when a judgment is rendered for plaintiff and the same cannot be satisfied from the deposit of the former rent, as required by the statute, "or otherwise," the plaintiff shall be entitled to a warrant for possession. We think the purpose of the act is to allow the tenant to pay a judgment for the increased rent, if that question is determined against him, and that the judgment for possession in the Daugherty case is not in proper form. It should be for rent, and if not paid in five days after notice, then a warrant for possession may be issued. Under the statute of 1922 when a tenant pays the increased rent, found to be reasonable, no warrant for possession will go, but the landlord is bound to accept the increased rent even after judgment.

It is argued that a writ of *certiorari* will not be allowed in the proceeding by the landlord to dispossess a tenant for the non-payment of rent, if the court has jurisdiction, but in our opinion the court loses jurisdiction under the act of 1922, *supra,* if the tenant pay the judgment for rent within five days after notice of the judgment, and in this case the increased rent was paid within the time limit. The judg-

ment· to be entered is for such sum as it may be determined to be reasonable, and if judgment is not paid within five days then a warrant for possession can, after notice of it, issue, but not after payment of the adjudged rent. The judgment in this case was for possession and not rent as the statute provides, but when the increased rent was paid the jurisdiction of the court was ousted, and it had no power to take any step to dispossess the tenant. In the other two cases the same rule applies when after suit and issue framed the increased rent is paid into court, and as there is now no rent due there can be no judgment against them, and the court is without jurisdiction to issue a warrant of dispossession against them, as it threatens to do, and want of jurisdiction of the court in proceedings by a landlord to dispossess a tenant is assailable by *certiorari*. The motion to dismiss will be denied, with costs.